UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN L. KING and STOKINBUL GROUP, INC., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CASE NO. 1:08-cv-1666-DFH-DML |
| LAUREN G. STOMEL; LAUREN STOMEL & ASSOCIATES, INC., JEWELERS ALLIANCE, INC. d/b/a/ PLATINUM OVERNIGHT, JASON D. LOOS, and JAMIE D. LAUGHLIN, ) ) ) ) ) ) | |
| Defendants. ) | |

ENTRY ON DEFENDANTS' MOTION TO DISMISS

This dispute concerns an aborted attempt by defendant Lauren Stomel & Associates, Inc. ("LS&A") to sell plaintiff Kevin King a web based jewelry business called diamondstudsonly.com. The parties also contemplated transferring additional websites registered to Stomel's companies. King formed Stokinbul Group, Inc. to serve as the holding company for these websites, and the company is now also a plaintiff in this case. Plaintiffs bring a suit against LS&A itself, its owners, and Jewelers Alliance, Inc., a California corporation with the same place of business as LS&A. LS&A jointly owned the website diamondstudsonly.com with the Marcums, two individuals from Oklahoma. The Marcums were parties to the proposed agreements for the sale of that website to King.

The complaint alleges twelve counts, including various breaches of contract, violations of state and federal securities laws, and various torts sounding in fraud. Plaintiffs are an Indiana citizen and an Indiana corporation, and defendants are all citizens of or companies incorporated in California. Since the amount in controversy exceeds $75,000, jurisdiction is proper under 28 U.S.C. § 1332(a). Defendants have moved to dismiss the entire complaint based on a failure to join necessary parties and the doctrine of *forum non conveniens*. They have also moved to dismiss all claims against defendants Jason Loos and Jamie Laughlin for lack of personal jurisdiction. Defendants have also moved for partial dismissal based on failure to plead fraud with particularity and for dismissal of the contract claims for failure to state a claim upon which relief can be granted. The court concludes that the Marcums are necessary parties to this litigation who cannot be joined, so that the court must dismiss this action without prejudice.

*Discussion*

The facts as pled in the complaint indicate that the Marcums are central to the contemplated deal. Through a limited liability company, the Marcums were joint owners of diamondstudsonly.com. The partnership between LS&A and the Marcums was deteriorating, and LS&A was looking for a new partner. Negotiations for the contemplated deal for diamondstudsonly.com began when Laughlin sent a prospectus to plaintiff King proposing the deal in July or August 2008. Various representatives of LS&A met with King in Texas, Indiana, and

California. After these meetings, King and Stomel met with the Marcums in Oklahoma and gained their assent to the contemplated deal. Compl.¶¶ 23-25. The defendants eventually had a disagreement with King over which additional websites would be part of their secondary agreement, and defendants pulled out of the entire deal.

King alleges that the terms of the deal had already been finalized and that he had several binding contracts with defendants. He points to an Asset Purchase Agreement for diamondstudsonline.com and a "Side-Letter Agreement," which was a "clarification" of the Asset Purchase Agreement. Additionally, he includes in his complaint a Bill of Sale and an "Assignment and Sale of Interest in Diamondstudsonly.com, LLC." The Marcums were listed as parties to all of these documents and had actually signed the Asset Purchase Agreement, the Side-Letter Agreement, and the Bill of Sale. The Asset Purchase Agreement and the Side-Letter Agreement attached to the complaint were never signed by King, and King never tendered payment for Diamondstudsonly.com.

"The purpose of Federal Rule of Civil Procedure 19 is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990). "Dismissal, however, is not the preferred outcome under the Rules." *Askew v. Sheriff of Cook County*, — F.3d —, —, 2009 WL 1361913, at *2 (7th Cir. 2009). Rule 19 requires the joinder of a required party if feasible. If that

joinder is not feasible, the court considers a number of factors to decide whether the action "should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The Seventh Circuit instructs that this analysis is a two-step process:

> First, the court must determine whether a party is one that should be joined if feasible – called, in the old days, a "necessary party." Fed. R. Civ. P. 19(a); *Hall v. Tribal Development Corp.*, 100 F.3d 476, 478 (7th Cir. 1996) . . .. [I]f the court concludes . . . that the party should be included in the action but it cannot be, it must go on to decide whether the litigation can proceed at all in the party's absence. See Fed. R. Civ. P. 19(b). If there is no way to structure a judgment in the absence of the party that will protect both the party's own rights and the rights of the existing litigants, the unavailable party is regarded as "indispensable" and the action is subject to dismissal upon a proper motion under Federal Rule of Civil Procedure 12(b)(7).

*Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001), quoting *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999).

Applying this standard here, the court concludes that the Marcums (or their limited liability company) are indispensable parties. Since this court has no jurisdiction over them, the case must be dismissed.[1]

In applying the test, the court must consider "(1) whether complete relief can be accorded among the parties to the lawsuit without joinder, (2) whether the absent person's ability to protect its interest in the subject-matter of the suit will

---

[1] As a result of this disposition of the case, defendants' motion for oral argument (Dkt. No. 28) is denied as moot.

be impaired, and (3) whether any existing parties might be subjected to a substantial risk of multiple or inconsistent obligations unless the absent person joins the suit." *Thomas v. United States*, 189 F.3d at 667. This prong is easily met by defendants because the Marcums have now begun a civil action against them in a state court in Oklahoma arising from the same events. Before the Marcums filed their suit, plaintiffs conceded in their brief to this court: "Defendants' argument here might actually be compelling if the Marcums were pursuing tort claims or a breach of contract claim or trying to enforce all or a portion of the underlying transaction against the Defendants in another forum." Pl. Br. 6. The court agrees, and the Marcums are now doing so.

In addition to this risk of multiple or inconsistent obligations, "complete relief" could not be accorded among the parties. The plaintiffs have requested specific performance – an injunction transferring ownership to them of assets jointly owned by the Marcums and the defendants. That potential remedy is not available without the Marcums. As co-owners of the assets in question, they have a substantial interest in whether these (proposed) contracts are enforced. The Asset Purchase Agreement refers to the Marcums, their limited liability company, and Stomel collectively as the "Sellers." The document called for a payment of $500,000 to the Marcums in exchange for their interest in diamondstudsonly.com. The document also included a series of representations by the Marcums that could potentially waive claims they might have if King did not honor his responsibilities under the proposed agreement.

The fact that the Marcums are "necessary" parties is only the first step in the analysis. The next question is whether they can be joined as parties in this lawsuit. On this point, the evidence is somewhat sparse, but the court has no reason to believe that it could exercise personal jurisdiction in Indiana over the Marcums. Defendants point to the "Side Agreement," which states: "Insofar as A. Marcum and T. Marcum are concerned, the Asset Purchase Agreement . . . shall be construed and governed exclusively according to the internal laws of the State of Oklahoma." Compl., Ex. 4 at 5. That provision by itself does not preclude the exercise of jurisdiction in Indiana, cf. Def. Reply Br. 7, but at the same time, in response to the defendants' motion, plaintiffs have not identified any basis upon which this court could exercise jurisdiction over the Marcums.

As far as this court knows from the record, the Marcums are citizens of Oklahoma with no known connection to Indiana that would provide for general jurisdiction. Nothing in the complaint indicates that the Marcums ever traveled to Indiana to negotiate terms of the anticipated deal.[2] They were approached in their home state of Oklahoma, and their only known participation was limited to a meeting in Tulsa with King and Stomel. If this court had jurisdiction over the Marcums, Rule 19(a)(2) would require the court to order that they be made parties. See *Askew v. Sheriff of Cook County*, — F.3d —, 2009 WL 1361913 (7th Cir. 2009) (reversing a district court's dismissal under Rule 19 and finding that

---

[2]The closing was set for Indiana, but it never occurred, and it is unclear if the Marcums even agreed to participate actively.

-6-

district court should have ordered joinder of the non-party). With no evidence to support jurisdiction over the Marcums, the court declines to order joinder.

The next step in the analysis is to determine whether the Marcums are "indispensable." Rule 19 gives a number of factors to consider in determining whether a party is indispensable. Those factors are:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). As the Seventh Circuit instructs, the evaluation is effectively to determine if there is any way "to structure a judgment in the absence of the party that will protect both the party's own rights and the rights of the existing litigants." *Thomas v. United States*, 189 F.3d at 667.

The four factors of Rule 19(b) all show that the Marcums are indispensable to this litigation. The Marcums' decision to file suit in Oklahoma undermines plaintiffs' arguments that the Marcums are not indispensable. Plaintiffs argued that the first factor, possible prejudice, weighed in their favor because defendants "have no reason to suspect that they will face civil liability vis-á-vis the Marcums."

Pl. Br. 8. Now that the Marcums have filed suit, the defendants could be prejudiced by competing court proceedings and the possibility of inconsistent verdicts.

On the second prong, the plaintiffs concede that there is a possibility of prejudice if specific performance of the Asset Purchase Agreement is granted. They have not decided to forego that potential relief. Since the Marcums would have obligations under the Asset Purchase Agreement if it were enforced, the court does not see how it could fashion a specific performance remedy without prejudicing the Marcums.

The third prong deals with the adequacy of any remedy. Here again, the plaintiffs stated: "No party asserts that the Marcums have any claims or have incurred any liability in relation to the other parties." Pl. Br. 9. After plaintiffs wrote that, the Marcums apparently disagreed and chose to file suit in Oklahoma against defendants based on the same attempted transactions. That action highlights the fact that this court cannot adequately resolve all claims arising from this transaction.

Finally, plaintiffs admit that they could obtain an adequate remedy in a court in Oklahoma. This court is sensitive to the increased cost of litigating outside of the plaintiffs' home state, but the alternative forum is obviously available to afford plaintiffs any relief they deserve.

In the end, this case to enforce (proposed) contracts for the sale of related businesses should not proceed without the presence of all the sellers, including the Marcums, and this court could not exercise jurisdiction over them without their waiver or consent. There is no way "to structure a judgment in the absence of the party that will protect both the party's own rights and the rights of the existing litigants." *Thomas v. United States*, 189 F.3d at 667. The rights of the Marcums are too intertwined with the dispute between plaintiffs and defendants. The court must dismiss the suit without prejudice, pursuant to Rule 19.

*Conclusion*

Defendants' motion to dismiss (Dkt. No. 8) is granted. The court will enter final judgment dismissing this action without prejudice.

So ordered.

Date: June 18, 2009

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Gerald B. Coleman
COLEMAN STEVENSON MONTEL LLP
gcoleman@csmlegal.com

Angela Kelver Hall
BAKER & DANIELS LLP
angela.hall@bakerd.com

Edward Allen Sullivan, III

-10-

BAKER & DANIELS LLP
ed.sullivan@bakerd.com